**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5057**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

VICTOR WHITE,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:06-cr-00575-WDQ-1)

Submitted: December 16, 2008    Decided: January 20, 2009

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph R. Conte, LAW OFFICES OF J. R. CONTE, P.L.L.C., Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Bryan M. Giblin, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor White appeals his jury convictions for possession with intent to distribute cocaine and heroin and possession of a firearm by a convicted felon. On appeal, he asserts that the district court erred in admitting evidence of his prior heroin conviction under Fed. R. Evid. 404(b). We affirm.

Under Rule 404(b), prior bad acts evidence: (1) must be relevant to an issue other than character, such as intent; (2) must be necessary to prove an element of the crime charged; (3) must be reliable; and (4) its probative value must not be substantially outweighed by its prejudicial nature. See United States v. Siegel, 536 F.3d 306, 317-20 (4th Cir. 2008); see also United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997) (recognizing that Rule 404(b) is a "rule of inclusion"). Rule 404(b) decisions by the district court are discretionary and will not be overturned unless arbitrary or irrational. See United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995). Moreover, even if a district court errs under Rule 404(b), a resulting conviction must be upheld if we conclude that it is beyond a reasonable doubt that the jury verdict would have been the same absent the error. United States v. Williams, 461 F.3d 441, 448-49 (4th Cir. 2006).

Because White pled not guilty to the crimes with which he was charged, he placed his mental state in issue, and the Government was authorized to offer evidence of prior bad acts tending to establish his intent and knowledge regarding the drugs found in the apartment where he stayed on a regular basis. See United States v. Mark, 943 F.2d 444, 448 (4th Cir. 1991) (holding that, when extrinsic act evidence is "sufficiently related" to the charged offense, the evidence is relevant to show that the defendant "possessed the same state of mind in the commission of both").  Since White denied involvement with the drugs, his prior heroin-related trafficking conviction was relevant to establish his knowledge of the heroin trade (which also corroborated his confession to the officers) and his intent to sell the drugs at issue.  See United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004); see also United States v. Branch, 537 F.3d 328, 341-42 (4th Cir. 2008) (upholding admissibility of prior conviction for possession with intent to distribute cocaine base as evidence of intent and knowledge in later prosecution for cocaine base possession and distribution), petition for cert. filed (Nov. 20, 2008) (No. 08-7360).

Although White also argues that the probative value of the prior bad acts evidence was substantially outweighed by its prejudicial effect, we conclude that the district court's limiting instruction to the jury, as well as the initial Rule

3

404(b) notice that was given to White by the Government, was sufficient to reduce any prejudicial effect the evidence may have had. See Queen, 132 F.3d at 997. Finally, even if we were to find that the district court erred in admitting White's prior bad acts evidence because the prior conviction was not probative of his intent or knowledge, considering the substantial evidence of White's guilt, our review of the record convinces us that the verdict would have been the same absent any error. See Williams, 461 F.3d at 448-49.

Accordingly, we affirm White's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4